# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-762V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
DAVID MIRON,                         *        Special Master Corcoran
                                     *
                                     *
              Petitioner,            *        Filed: October 30, 2017
                                     *
       v.                            *        Decision; Attorney's Fees and Costs.
                                     *
                                     *
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
              Respondent.            *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Kathleen Margaret Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.

*Ilene Claire Albala*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On June 29, 2016, David Miron filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that he suffered from Guillain-Barré syndrome as a result of his July 10, 2013, Tetanus-diphtheria acellular pertussis vaccine.[2] The parties eventually filed a stipulation for damages on October 19, 2017 (ECF No. 31), which I adopted by decision on October 20, 2017. ECF No. 33.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Before the stipulation was filed, Petitioner filed a motion requesting final attorney's fees and costs, dated August 3, 2017. *See* Motion for Attorney's Fees, dated Aug. 3, 2017 (ECF No. 28) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $92,865.00 (representing $71,636.00 in attorney's fees, plus $21,229.00 in costs). *Id.* at 1.[3] Respondent filed a document reacting to the fees request on August 7, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 29 at 2-3.

Here, Petitioner requests $340-$353 per hour for Ms. Kathleen Loucks and $380-$394 for Ms. Sheila Bjorklund for work performed in 2016-2017, respectively. Fees App., Appendix 1 at 2. Petitioner also requests rates of $125-$135 per hour for worked performed by paralegals from 2014-2017. *Id.* at 3. Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Ms. Kathleen Loucks, Esq., who practices in Minneapolis, Minnesota. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the prevailing rate in counsel's area consistent with an Attorney Fee Survey schedule. The proposed rate amounts to the in-forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Although I will in this case award counsel the rates requested,[4] I will reduce Ms. Loucks' 2017 hourly rate to reflect the special masters' preference to use the producer price index-office of lawyers ("PPI-OL") calculation for inflation rather than 3.7% as indicated by Petitioner. This will bring Ms. Louck's 2017 hourly rate down to $349.[5] This results in a total reduction of $136.80 to the requested attorney's fees.[6]

---

[3] There was no statement with the fees motion regarding General Order No. 9 (reporting personal costs Petitioner may have incurred) and therefore such costs are deemed waived.

[4] Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Ms. Loucks is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute such a determination.

[5] The special masters have found the PPI-OL to be a persuasive as a measure of inflation. *See OSM Attorneys' Forum Hourly Rate Fee Schedules 2017*, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (last accessed Oct. 11, 2017). The PPI-OL rate for 2017 for Ms. Loucks and Ms. Bjorklund was derived by multiplying their 2016 rates, by the PPI-OL index for January 2016 (201.8) and then dividing by the PPI-OL index for January 2015 (196.8), after rounding to the nearest dollar, the hourly rates were $349 and $390, respectively.

[6] Although Petitioner requested a 2017 rate for Ms. Bjorklund, it appears that Ms. Bjorklund did not bill for any time during 2017. I therefore do not decide what her inflated rate should be.

The hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. It appears that Lommen Abdo began work on this case in 2014, efficiently utilizing work from paralegals during the initial years of the case. Thereafter, the work performed by Ms. Loucks and Ms. Bjorklund seems to be used effectively to resolve the case, and I will award the requested hours in full.

The costs incurred in this matter were substantial and can be divided into three main categories—costs to obtain medical records ($6,793.65), to manage the medical records ($4,235.53), and to hire experts ($10,200.00). Fees App., Appendix 3 at 23-25. The medical records in this case were voluminous, around 13,000 pages, and I will thus award the costs to obtain and manage them in full. Ex. 22 at 1-12.[7] Regarding the expert costs, I will award in full the $7,000.00 (31 hours at an hourly rate of $225) charged by Linda Graham to calculate Petitioner's life care expenses. I will however, make a reduction to the remaining $3,200.00 requested for Dr. Praful Kelkar who charged $800 per hour for four hours of work. That is a far higher hourly rate than is typically awarded to experts in the Program, especially those who do not commonly prepare reports. *Anderson v. Sec'y of Health & Human Servs.,* No. 02-1314, 2017 WL 2927044 (Fed. CL. Spec. Mstr. May 24, 2017). Consistent with my decision in *Anderson* and other similarly qualified experts, I will reduce Dr. Kelkar's hourly rate to $400, resulting in a total reduction of $1,600.00.

I hereby GRANT IN PART Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$91,128.20** ($92,865.00 - $1,600 - $136.80 = $91,128.20) should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Kathleen M. Loucks, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[8]

---

[7] Petitioner requested a total of $4,235.53 to build a "litigation support database," but did not substantiate this element of costs. I therefore asked Petitioner to submit supplemental materials to describe the service that was provided, and he filed the invoices for the services. Ex. 22 at 2-12. The filed memo indicated that Lommen Abdo used Electronic Litigation, LLC (a company operated by Lommen Abdo) to help with the digital management of documents in the case. It provides several services—"it allows the inventory, culling and extraction of information and has the ability to bates number documents and burn them to document images. It converts documents into searchable text." *Id.* at 1.

An amount in excess of $4,000 for essentially a scan of discovery documents (even if voluminous) so that they can be reviewed and manipulated electronically, while perhaps desirable to attorneys, is somewhat high for a case that did not go to hearing. Petitioner's counsel should not expect to be reimbursed for this kind of litigation cost in all cases. Here, however, I find that the costs expended by Electronic Litigation are likely comparable to the amount that would have been billed by paralegals (approximately 30 hours at $135 per hour) to perform the same service in a document-heavy case and I will therefore award the costs in full.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master